# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EMILY P. TORRES, et al.,<br><br>Defendants. | Case No.  1:22-cv-00869-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SUPPLEMENT MOTION TO SERVE BY PUBLICATION BY NOVEMBER 8, 2022, AT 12:00 P.M.<br><br>(ECF Nos. 14, 15) |

Currently before the Court is Plaintiff's motion for an extension of time to serve the complaint on Defendants Adelaide Bumgardner and Brandon Garcia; and Plaintiff's motion to allow service by publication on these Defendants.  (ECF Nos. 14, 15.)  Plaintiff seeks to serve by publication pursuant to Federal Rule of Civil Procedure 4(e)(1), and California Code of Civil Procedure Section 415.50.  (ECF No. 15.)

As cited in the Plaintiff's moving papers (ECF No. 15 at 8), the California Code of Civil Procedure provides that: "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1).  While Plaintiff describes the efforts to serve these Defendants, it appears Plaintiff does not address the existence

1

of a cause of action or argue that these Defendants are necessary or proper parties to the action. While the Court may assume such based on the filed complaint, the standards are strict for service by publication, and the Court shall order a supplemental affidavit and/or briefing that addresses the legal standards herein, to be filed prior to the scheduled hearing on this matter.

"Under California law, '[c]onsistent with the notions of fair play and due process, substituted service by publication is a last resort when reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication has been exercised.'" Indian Hills Holdings, LLC v. Frye, 337 F.R.D. 293, 299 (S.D. Cal. 2020) (quoting Calvert v. Al Binali, 29 Cal.App.5th 954, 963 (2018) (alteration in quoting source)). "'Personal service remains the method of choice under the statutes and the constitution,' and '[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required.'" Id.

"For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." Harris v. Cavasso, 68 Cal.App.3d 723, 726 (1977). The requesting party must submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication. Harris, 68 Cal.App.3d at 726. "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 334 (1978).

As this Court has previously noted, "[t]he affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication." Colonize Media, Inc. v. Palmer, No. 120CV01053DADSAB, 2021 WL 1839697, at *3 (E.D. Cal. May 7, 2021) (citing Harris, 68 Cal.App.3d at 726–27; Indian Hills Holdings, LLC, 337 F.R.D. at 302). Generally, it is the plaintiff who makes the affidavit as to the cause of action. Judicial Council Comments Cal., Civ. Proc. Code § 415.50. California courts have held that a declaration by counsel, and even a verified complaint, are insufficient to meet the jurisdictional requirement. Indian Hills Holdings,

LLC, 337 F.R.D. at 302; see Harris, 68 Cal.App.3d at 726 ("the verification of the complaint by plaintiffs' counsel on his information and belief is no substitute for the sworn statement of facts which section 415.50 requires of the affiant.").

Accordingly, IT IS HEREBY ORDERED that on or before **November 8, 2022, at 12:00 p.m.**, Plaintiff shall submit a supplemental affidavit and/or a supplemental brief addressing the legal standards and requirements discussed in this order.

IT IS SO ORDERED.

Dated: **November 2, 2022**

UNITED STATES MAGISTRATE JUDGE