# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | Case No. 1:22-cv-00869-JLT-SAB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION TO SERVE BY PUBLICATION WITH EXTENSION OF TIME TO SERVE |
| v. | |
| LARRY BUEHNER, et al., | ORDER VACATING MARCH 22, 2023 HEARING |
| Defendants. | |
| | (ECF Nos. 30, 31) |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiff Scottsdale Insurance Company's motion for leave to file a first amended complaint, and motion to serve Defendants Adelaide Bumgardner and Brandon Garcia by publication. (Pl.'s Mot. Amend ("Mot. Amend"), ECF No. 30; Pl.'s Mot. Serve Publication ("Mot. Publ."), ECF No. 31.) No opposition to the motions has been filed and the deadline to do so has expired. Accordingly, the Court considers the motions to be unopposed. L.R. 230(c). Having considered the moving papers, the declarations and exhibits attached thereto, the lack of any opposition, as well as the Court's file, the Court finds this matter suitable for decision without oral argument, and shall grant the Plaintiff's motions. See Local Rule 230(g). Accordingly, the previously scheduled hearing set for March 22, 2023, will be vacated and the parties will not be required to appear at that time.

## II.

## BACKGROUND

On July 14, 2022, Plaintiff filed this action seeking an order that is has no obligation to defend or indemnify Larry Buehner, Arthur Coranado ("Coranado"), L&K Enterprises, Inc. ("L&K") and Eagle Valley Investments ("Eagle Valley") for the claims being asserted by Adelaide Bumgardner ("Bumgardner") and Brandon Garcia ("Garcia"), in an underlying third-party lawsuit. (See ECF No. 1.)

Summons were issued on July 15, 2022. (ECF No. 4.) On August 3, 2022, Plaintiff returned executed summonses demonstrating service was completed on Eagle Valley, Coranado, Larry Buehner, and L&K. (ECF Nos. 8, 9, 10, 11.) On September 29, 2022, the Court issued an order requiring Plaintiff to file requests for entry of default or a status report concerning service on Bumgardner and Garcia. (ECF No. 12.) On October 4, 2022, Plaintiff filed a status report as well as the motion to extend time to serve and motion to serve by publication that are before the Court. (ECF Nos. 13, 14, 15.) On December 2, 2022, the Court granted Plaintiff's motions to extend time to complete service and to serve Defendants Adelaide Bumgardner and Brandon Garcia by publication. (ECF No. 21.) On January 17, 2023, Plaintiff filed a notice indicating that service by publication on Defendants Adelaide Bumgardner and Brandon Garcia was completed on January 4, 2023. (ECF No. 27.)

On February 7, 2023, Plaintiff filed a motion to amend the complaint. (ECF No. 30.) On the same date, Plaintiff filed a motion to serve Defendants Adelaide Bumgardner and Brandon Garcia by publication, and to extend the time to complete service. (ECF No. 31.) The hearing on the motion has been continued to March 22, 2023. (ECF No. 33.)

## III.

## LEGAL STANDARD

**A.  Leave to Amend**

Twenty-one days after service of a complaint or after a responsive pleading or a motion to dismiss is filed, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1)-(2). "Rule 15(a) is very liberal and leave to amend 'shall

1  be freely given when justice so requires.' " Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting leave should be granted with "extreme liberality") (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)).  Leave to amend under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Id. Undue delay, "by itself . . . is insufficient to justify denying a motion to amend." Owens, 244 F.3d at 712 (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1052. The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id.

B.   **Service by Publication**

Rule 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Under the Federal Rules of Civil Procedure, an individual can be served by any of the following: "(A) delivering a copy of the summons and of the complaint to the individual

personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Rule 4 also provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The California Code of Civil Procedure provides that: "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1).

"Under California law, '[c]onsistent with the notions of fair play and due process, substituted service by publication is a last resort when reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication has been exercised.' " Indian Hills Holdings, LLC v. Frye, 337 F.R.D. 293, 299 (S.D. Cal. 2020) (quoting Calvert v. Al Binali, 29 Cal.App.5th 954, 963 (2018) (alteration in quoting source)). " 'Personal service remains the method of choice under the statutes and the constitution,' and '[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required.' " Id.

Service by publication can be effectuated under California law as follows:

> (b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders

publication for a longer period.

Cal. Civ. Proc. Code § 415.50(b); see also Cal. Gov't Code § 6064 ("Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient.").

## IV.

## DISCUSSION

Plaintiff moves the Court for leave to amend, for an extension of time to serve, and for authorization to serve Defendants Bumgardner and Garcia by publication. The Court first address the motion for leave to amend.

### A.     The Court Shall Grant the Motion to Amend

Plaintiff seeks to add the following Defendants in the proposed first amended complaint: (1) Kevin Buehner, d.b.a. B2B Truck Sales and d.b.a. B2b off Road Sales ("Kevin Buehner"); named insured Joyce Buehner; Twin Falls Enterprises, Inc. ("Twin Falls"); Stateside Equipment Leasing ("Stateside Equipment"); and Valley Property & Equipment Rental, Inc. ("Valley Property"). (Mot. Amend 2.)

The complaint generally seeks a judicial declaration of Plaintiff's rights and duties with regard to the Policy under which Defendants, as well as the proposed additional Defendants, may seek coverage for liability arising out of bodily injury in the underlying action. (Mot. Amend 4.) As Plaintiff has been providing a defense for Larry Buehner, Coranado, L&K, and Eagle Valley but no longer believes there is coverage for the matter, the complaint further seeks equitable reimbursement for defense fees and costs incurred. (Id.) None of the Defendants so far served have responded to the complaint.

As noted above, on December 2, 2022, the Court granted leave to serve Defendants Bumgardner and Garcia by publication, and Plaintiff timely served by publication on January 4, 2023. (ECF Nos. 21, 27). Neither Bumgardner nor Garcia has filed an answer to the complaint.

Based on a January 7, 2023 email addressed to Coranado's defense counsel from

Bumgardner and Garcia's counsel in the underlying action, which was forwarded to Plaintiff, Plaintiff learned that Kevin Buehner was "recently served" in the underlying action. Plaintiff proffers it is its understanding that Kevin Buehner is the CEO of L&K, and he is a potential insured under the Policy for liabilities arising of conduct related to his employment for L&K. Accordingly, to avoid duplicative or inconsistent coverage rulings, Plaintiff seeks leave to amend its complaint to join Kevin Buehner as a Defendant. Additionally, out of an abundance of caution and for purposes of avoiding future amendments and future or inconsistent rulings with regard to Plaintiff's rights and duties under the policy arising from the underlying action, Plaintiff also seeks to add the following named insureds listed in the Policy not named in Scottsdale's initial complaint: Joyce Buehner, Twin Falls, Stateside, and Valley Property. (Id. at 4-5.)

Plaintiff argues it brings the motion in good faith and not for purposes of delay. Plaintiff emphasize it only recently learned of Kevin Buehner's having been served in the underlying action, and is filing the proposed amendment before any Defendants have filed an answer, and Plaintiff believes the additional parties are necessary. Plaintiff argues amendment is not futile as the addition of Kevin Buehner will ensure he will be bound to any decision this Court may render as to Plaintiff's coverage obligations, and if the allegation that he is a potential insured under the policy in question is taken as true, it states a legally sufficient cause of action and is therefore not futile. Moreover, Plaintiff argues the addition of all other named insureds as Defendants so they will be bound to any judgment this Court may render as to Plaintiff's coverage obligations, to the extent any additional named insured may face liability arising from the underlying action, states a legally sufficient cause of action and is therefore not futile. (Mot. Amend 7.)

Given Defendants have not submitted an opposition to the motion to amend, the Court finds that granting Plaintiff's motion to amend would not prejudice Defendants. There is no evidence the motion was brought in bad faith nor does it produce undue delay in the litigation. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (explaining that where a motion to amend was made more than four months after the cutoff date,

1 "[a] need to reopen discovery and therefore delay the proceedings supports a district court's
2 finding of prejudice."). Moreover, there is no reason to believe that the proposed amendment is
3 futile. See SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)
4 (illustrating that an amendment is futile "only if it would clearly be subject to dismissal.").

5 Consequently, finding that none of the foregoing factors weigh against granting Plaintiff
6 leave to amend, and Plaintiff's motion is unopposed, the Court finds leave to amend appropriate.
7 See Austin v. W. Concrete Pumping, Inc., No. 17-CV-2363-AJB-MDD, 2018 WL 2684140, at
8 *1 (S.D. Cal. June 5, 2018) (granting plaintiff's motion for leave to file an amended complaint
9 after considering the motion and the defendants' non-opposition); Gonzales v. F/V Daniela, No.
10 11cv01066 AJB (JMA), 2013 WL 444626, at *1 (S.D. Cal. Feb. 4, 2013) (concluding that leave
11 to amend was warranted in light of the defendants' non-opposition to the motion and reasonable
12 explanation for the amendment).

### B. Motion for Publication and Extension of Time to Serve

14 Given the complaint will be amended, Plaintiff additionally filed a motion for leave to
15 again serve Defendants Bumgardner and Garcia by publication. Specifically, Plaintiff proffers
16 that at this time, as Defendants Bumgardner and Garcia remain unable to be located for service
17 of process, and because the proposed amended complaint merely joins the proposed Defendants
18 without making additional changes, Plaintiff seeks an order permitting that the summons for the
19 amended complaint in this action be served upon Defendants Bumgardner and Garcia by
20 publication through the San Francisco Daily Journal newspaper. Moreover, as Plaintiff notified
21 Defendants Bumgardner and Garcia's attorney of record in the underlying action of its service by
22 publication, Plaintiff proffers it is likely that Defendants Bumgardner and Garcia have actual
23 notice of any and all claims made against them in this lawsuit. (Mot. Public. 4.)

24     1.    <u>The Court Finds a Cause of Action Exists against the Defendants</u>

25 Under California law, "[f]or the purpose of service by publication, the existence of a
26 cause of action is a jurisdictional fact." Harris v. Cavasso, 68 Cal.App.3d 723, 726 (1977). The
27 requesting party must submit an affidavit containing a statement of some fact that would be legal
28 evidence that the cause of action exists for the court to have jurisdiction to order service by

1 publication. Harris, 68 Cal.App.3d at 726. "When jurisdiction is sought to be established by 2 constructive service, the statutory conditions for such service must be strictly complied with or 3 the judgment is subject to collateral attack." Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 334 4 (1978). The affidavit filed in support of the motion for substitute service must contain 5 independent evidentiary support in the form of a sworn statement of facts to support a cause of 6 action against the defendant, and if it does not, the Court does not have jurisdiction to order 7 service by publication. Harris, 68 Cal.App.3d at 726–27; see also Indian Hills Holdings, LLC, 8 337 F.R.D. at 302 ("Section 415.50(a)(1) requires that the plaintiff provide independent 9 evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of 10 action against each defendant whom service by publication is requested.") (quoting Rose v. 11 Seamless Fin. Corp. Inc., No. 11CV240 AJB KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 12 2013)).

13 Generally, it is the plaintiff who makes the affidavit as to the cause of action. Judicial 14 Council Comments Cal., Civ. Proc. Code § 415.50. California courts have held that a 15 declaration by counsel, and even a verified complaint, are insufficient to meet the jurisdictional 16 requirement. Indian Hills Holdings, LLC, 337 F.R.D. at 302; see Harris, 68 Cal.App.3d at 726 17 ("the verification of the complaint by plaintiffs' counsel on his information and belief is no 18 substitute for the sworn statement of facts which section 415.50 requires of the affiant.").

19 Plaintiff moves to again serve by publication, and directs the Court to its previous 20 affidavit filed in support of serving these same Defendants, and which the Court found sufficient 21 to grant the previous motion for publication. (See Decl. Gary Clarke, ECF No. 20.) The Court 22 incorporates the Court's findings from its previous order concerning this affidavit, and granting 23 publication on these same Defendants, Bumgardner and Garcia. (See ECF No. 21 at 5-8.) As 24 noted in the current motion, Plaintiff is only adding Defendants, and because Plaintiff is not 25 changing any factual allegations, the declaration of Gary Clarke remains an affidavit sufficient to 26 show a cause of action exists against Defendants Adelaide Bumgardner and Brandon Garcia. 27 (Mot. Public. 8-9.)

28 Based on the declaration provided by the agent of the Plaintiff, the Court concludes that

Plaintiff has provided evidence of the existence of a cause of action against the Defendants Bumgardner and Garcia, sufficient for the purpose of service by publication. See Harris, 68 Cal.App.3d at 726-27; Indian Hills Holdings, LLC, 337 F.R.D. at 302.

### 2. The Court Finds Reasonable Diligence

When a person is entitled to due process, process which is a mere gesture is not sufficient. Donel, Inc., 87 Cal.App.3d at 332; Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995). Service by publication is appropriate only where after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. Watts, 10 Cal.4th at 749 n.5. However, service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive attempts to locate the defendant." Id. "Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication. However, the showing of diligence in a given case must rest on its own facts and neither single formula nor mode of search can be said to constitute due diligence in every case.

Kott v. Superior Court, 45 Cal.App.4th 1126, 1137–38 (1996) (internal citations and quotations omitted); THC-Orange Cty. Inc. v. Valdez, No. 17-CV-01911-LB, 2017 WL 2171185, at *2 (N.D. Cal. May 17, 2017) (California requires exhaustive measures "to discover the defendant's whereabouts and confirm his property holdings, including: 'searching phone books, online people search tools, voter registries, or other common sources of information, or by hiring a private investigator'; 'contacting relatives, friends, or neighbors'; and contacting the co-defendant (who had been served) for the defendant's contact information.") (quoting Castillo-Antonio v. Azurdia, No. C-13-05709 DMR, 2014 WL 4060219 (N.D. Cal. Aug. 14, 2014)).

This Court previously ruled that Plaintiff acted with reasonable diligence in trying to serve the Defendants Bumgardner and Garcia with the initial complaint. (ECF No. 21 at 8-12.)

1   As described therein, Plaintiff made ten (10) attempts at personal service, hired a skip trace team
2   to assist in locating and serving Defendants Bumgardner and Garcia, filed a postal inquiry for
3   change of address information from the U.S. Post Office, and unsuccessfully requested the
4   Defendants' attorney of record in the underlying case to assist in serving his clients.

5         The Court incorporates the previous descriptions of these efforts, and the Court's
6   findings.  (ECF No. 21 at 8-12.)  Accordingly, the Court again finds Plaintiff has submitted
7   evidence that it has diligently attempted to serve the Defendants Bumgardner and Garcia with the
8   summons and complaint.  Accordingly, the Court finds Plaintiff has adequately shown
9   exhaustive efforts and reasonable diligence sufficient to support granting Plaintiff's motion to
10  serve by publication.  See Cal. Civ. Proc. Code § 415.50(a)(1); Watts, 10 Cal.4th at 749 n.5;
11  THC-Orange Cty., 2017 WL 2171185, at *2.

12        Plaintiff again requests authorization to serve by publication in the San Francisco Daily
13  Journal newspaper, which is a newspaper that publishes in the counties in which the reside.
14  Specifically, Plaintiff proffers that the Defendants Bumgardner and Garcia apparently reside in
15  the City of Ferndale, in Humboldt County, California, or the City of Escalon, in San Joaquin
16  County.  (Mot. Public. 9; Ex. F, ECF No. 15-1 at 10.)  Plaintiff proffers that the San Francisco
17  Daily Journal is published seven (7) days a week online and hard copies are distributed in
18  Humboldt and San Joaquin Counties Monday through Friday.  (Mot. Public. 9; Decl. David S.
19  Elstner ("Elstner Decl.") ¶ 8, ECF No. 15-1 at 1.)  As such, the Plaintiff proffers the San
20  Francisco Daily Journal is most likely to give the Defendants Bumgardner and Garcia actual
21  notice of the pendency of this action.  Finally, Plaintiff submits that given that the Defendants
22  Bumgardner and Garcia's counsel of record in the underlying action was advised of this lawsuit,
23  it is likely that these Defendants already have actual notice of this lawsuit, and if the Court grants
24  this motion, Plaintiff will provide notice to counsel that their clients have been served via
25  publication to ensure that they receive actual notice of this lawsuit.  (Mot. Public. 9.)

26        The Court finds that publication in the San Francisco Daily Journal to be a sufficient
27  method for service.  See Cal. Civ. Proc. Code § 415.50(b); Cal. Gov't Code § 6064.
28  / / /

### 3. The Court Finds Good Cause to Extend the Time to Complete Service

Based on the above record demonstrating efforts and diligence by Plaintiffs to serve the Defendants Bumgardner and Garcia, and due to granting leave to amend, the Court finds good cause to extend the time to complete service in this action. Fed. R. Civ. P. 4(m). Accordingly, the Court shall extend the deadline to complete service to allow for adequate time for Plaintiff to serve by publication.

### 4. Final Note About Rule 5

While the Court grants leave to serve these same Defendants by publication again with the first amended complaint, the Court makes additional observations if Plaintiff chooses to consider whether publication is necessary given the tenor of the changes in the first amended complaint.

The Court notes that Federal Rule of Civil Procedure 4 governs summons, however, Rule 5 governs service of pleadings and other papers. Rule 5 states that "[u]nless these rules provide otherwise, each of the following papers must be served on every party . . . **(B)** a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants." Fed. R. Civ. P. 5(a)(1)(B). Rule 5 provides for specific mechanisms for completing service of such papers. See Fed. R. Civ. P. 5(b). Given these Defendants have already been served by publication, it is not clear whether service would be sufficient, for example, by "(C) mailing it to the person's last known address--in which event service is complete upon mailing;" or "(D) leaving it with the court clerk if the person has no known address." Fed. R. Civ. P. 5(b)(2)(C)-(D).

Further, under Rule 5, if a party fails to appear in the action, "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). However, "a pleading that asserts a new claim for relief against such [defaulting] party must be served on that party under Rule 4." Id.; see also KST Data, Inc. v. DXC Tech. Co., 980 F.3d 709, 714–16 (9th Cir. 2020) ("A defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not change the theory or scope of the case."). The Court notes default has not been entered against any non-appearing Defendant in this action.

In sum, the Court shall grant leave to amend, and leave to serve by publication, but Plaintiff is open to consider these legal authorities in relation to whether service by publication would be strictly necessary, or if service under Rule 5 would be sufficient.

V.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's motions set for March 22, 2023, at 10:00 a.m. in Courtroom 9 is HEREBY VACATED;

2. Plaintiff's motion for leave to file a first amended complaint (ECF No. 30) is GRANTED;

3. Plaintiff shall file a first amended complaint within five (5) days of the date of entry of this order;

4. Plaintiff's motion to extend the service deadline (ECF No. 31) is GRANTED;

5. The deadline for Plaintiff to complete service on Defendants Adelaide Bumgardner and Brandon Garcia, is extended for sixty (60) days after the entry of this order; and

6. Plaintiff's motion to serve by publication (ECF No. 31) is GRANTED and Plaintiff may serve Defendants Adelaide Bumgardner and Brandon Garcia by publication in the San Francisco Daily Journal, in accordance with the requirements of California Civil Procedure Code § 415.50(b) and California Government Code § 6064.

IT IS SO ORDERED.

Dated: **March 17, 2023**

UNITED STATES MAGISTRATE JUDGE